IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN G. HUTCHENS,

                Plaintiff,                  CV-04-281-ST

    v.                                   OPINION AND ORDER

TERESA HUTCHENS-COLLINS,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff has filed the following three motions in connection with his attempt to obtain discovery in this case:

    1. Plaintiff's Motion to Compel Discovery and for Enlargement of Time (docket #122);

    2. Plaintiff's Motion for Leave to Take and Receive Telephone Depositions due to Extreme Medical Hardship (docket #126); and

3. Plaintiff's Request for Rule 11 Sanctions against Defendant (docket #131).

Each of these motions is addressed in turn.

I. **Motion to Compel Discovery and for Enlargement of Time**

Plaintiff's first motion arises from his frustration in trying to schedule defendant's deposition. He talked by telephone with defendant's new attorney on October 19, 2005, who said that he had not yet read the material pertaining to the case, but would be available after November 3, 2005. Defendant's attorney denies that they discussed a date, time or place for the scheduling of depositions. Plaintiff then sent defendant's attorney a letter advising that he would take defendant's deposition on November 9, 2005, in Lake Havasu City, Arizona, near where defendant resides. After discovering that he had not allowed the requisite 20-day notice, plaintiff issued a First Amended Notice of Taking Deposition for November 30, 2005. Upon receiving that notice on October 28, 2005, defendant's attorney telephoned plaintiff and stated that he did not agree to hold the deposition on November 30, 2005.

On November 18, 2005, defendant's attorney again called plaintiff and advised that the earliest he could do the deposition would be the first week of January 2006 and that he wanted it held in Portland. In that same conversation, plaintiff advised that he had filed a motion to compel. Defendant's attorney called plaintiff again on November 23, 2005, and left a message proposing both parties' depositions to be held on January 6, 2005, in Portland.

In his motion, plaintiff requests the court to order defendant to allow him discovery (presumably defendant's deposition), to respond to plaintiff's communications in a timely manner, and to extend the discovery deadline by 30 days. However, it is apparent that plaintiff did not comply with Local Rule 30.2 because failed to make a "good faith attempt to confer with

all counsel regarding a mutually convenient date, time, and place for the deposition" before serving the notice of defendant's deposition. Instead, he unilaterally set a date and place for defendant's deposition which was not convenient for defendant's counsel. Since then, they have conferred about a mutually agreeable date. Therefore, plaintiff's motion to compel discovery is denied.

Defendant does not respond to plaintiff's request for a 30-day extension to the discovery deadline. Therefore, that portion of plaintiff's motion is granted. The discovery deadline is extended from January 31, 2006, to March 2, 2006, and other deadlines will be extended accordingly.

In her response, defendant asks that Rule 11 sanctions be imposed on plaintiff for filing a frivolous motion to compel. This court declines to do so for two reasons. First, such a motion "shall be made separately from other motions or requests" and "shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FRCP 11(c)(1)(A). Therefore, defendant's request is not properly before the court. Second, plaintiff's motion is not frivolous. The parties did confer about when and where to hold depositions and could not resolve their differences.

However, plaintiff is advised that any future failure to confer with opposing counsel before setting depositions will subject him to sanctions.

## II. Motion for Leave to Take and Receive Telephone Depositions

Plaintiff's second motion seeks leave pursuant to FRCP 30(b)(7) to take defendant's deposition and the depositions of four witnesses by telephone based on extreme hardship.

3 - OPINION AND ORDER

Defendant resides in Kingman, Arizona. One witness is an inmate in the Oregon State Prison in Salem, Oregon; another witness works in Portland, Oregon; and the remaining two witnesses are in Boise, Idaho, and Vale, Oregon. Although plaintiff's motion does not address where his own deposition should be taken, defendant objects to taking plaintiff's deposition by telephone, but will agree to telephone depositions of the four witnesses if certain conditions are met.

### A. Non-Party Witnesses' Depositions

In his Reply, plaintiff agrees to most of the conditions proffered by defendant for telephone depositions of the non-party witnesses. As to those conditions to which plaintiff disagrees, the court rules as follows:

**Condition B**: The conference call will end when plaintiff completes the deposition after any cross-examination of the witness by defendant's attorney.

**Condition C**: As set forth in defendant's proffer, defendant and her attorney shall have a reasonable time to confer privately by telephone about any cross-examination questions to be asked before the depositions adjourn. Contrary to plaintiff's fears, this condition does not allow or even envision that defendant or her attorney can interrupt plaintiff's questioning at any time they choose. Pursuant to Local Rule 30.5, a pending question must be answered before a recess is taken unless the question involves a privacy right, privilege, or area protected by the Constitution, statute, or work product.

**Condition D**: Plaintiff apparently misunderstands this condition proffered by defendant. Plaintiff is not required to use or reveal any documents at any deposition. Instead, this condition requires only that any documents plaintiff intends to use for any deposition must be marked in advance. However, plaintiff is cautioned that: (1) if he questions a witness about a document,

the witness may not be able to answer without first seeing the document; and (2) all documents, except impeachment documents, must be produced and disclosed before trial in federal court. Impeachment documents are strictly limited to those documents that bear directly on a witness's credibility and which would be ineffective for that purpose if disclosed prior to trial.

**Condition F**: Plaintiff need not have a master index of deposition exhibits and may introduce new exhibits at each deposition. However, if he uses the same exhibit in multiple depositions, the number of the exhibit shall remain the same at each deposition.

**Condition J**: For clarification, "independent and adequate" means that plaintiff shall swear before the court reporter that no one will be able to overhear the testimony except those present in the room with plaintiff. This will ensure that no unidentified person is listening to the conference call.

**Condition K**: Plaintiff is not required to pay defendant's fees and costs for the depositions. Plaintiff is required only to pay the costs for him to take the telephonic depositions (including any cross-examination by defendant), namely long distance telephone charges, court reporter fees, and any conference room rental fees where plaintiff is situated.

In addition, if defendant or her attorney wishes to participate in these depositions by telephone, then they must mark and submit to plaintiff in advance of the deposition all exhibits they intend to use.

### B. Defendant's Deposition

If plaintiff wishes to take defendant's deposition by telephone, instead of in person, then he is free to do so on the conditions set forth above. However, if plaintiff prefers to take defendant's deposition in person, then defendant apparently objects to the deposition being taken

in Arizona where she resides, and requests that the deposition be held in Portland, Oregon, at the same time as she takes plaintiff's deposition in Portland, Oregon. Defendant was sued in this district and her attorney has his office here in Portland. If plaintiff takes her deposition in Arizona, then she would be required to incur the cost for her attorney to travel from Portland, Oregon, to Arizona.

Based on plaintiff's November 23, 2005 letter to opposing counsel, he apparently is agreeable to taking defendant's deposition by telephone or in person in Portland, Oregon, instead of in Arizona. Even if he did not so agree, this court will not require that defendant's deposition be taken in Arizona. As discussed below, plaintiff is entitled to take defendant's deposition in person in Portland, Oregon. Therefore, it will be less expensive for both parties to hold the depositions of both plaintiff and defendant in Portland, Oregon.

### C. Plaintiff's Deposition

The examining party may set the place for the deposition of another party where he or she wishes subject to the power of the court to grant a protective order under FRCP 26(c)(2) designating a different place. *See Turner v. Prudential Ins. Co. of Am.*, 119 FRD 381, 383 (MD NC 1988). A district court has wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F3d 1162, 1166 (9th Cir 1994).

In the absence of a showing of good cause, a plaintiff is required to make himself available for a deposition in the district in which the suit was filed. *See United States v. Rock Springs Vista Dev.*, 185 FRD 603, 604 (D Nev 1999). Defendant wishes to take plaintiff's deposition in Portland, Oregon, in the district in which plaintiff filed suit, while plaintiff offers to make himself available by telephone.

6 - OPINION AND ORDER

Plaintiff contends that it would be an extreme hardship for him to undergo lengthy air travel to appear in person in Portland, Oregon. He is 75 years old. Based on his unsworn statements, he suffers from heart disease and lung disease, has difficulty walking due to degenerative joint disease, uses a Continuous Positive Air Pressure ("CPAP") machine at night for sleep apnea, and becomes disoriented and confused while traveling. In support, he has submitted the unsworn statement by his cardiologist that "it would not be advisable for Mr. Hutchens to travel by himself on an airline, well over eleven hours with a lay over in excess of four hours in Arizona." He also has submitted an unsworn statement from another doctor advising that due to his sleep apnea, he should "avoid travel that results in overnight stays or prolonged layovers."

Defendant responds that plaintiff's showing of an extreme hardship is inadequate and exaggerated. This court agrees.

First, plaintiff has not submitted any sworn medical testimony as to his difficulties with long distance travel. Second, even if this court accepts the unsworn testimony, no doctor opines that plaintiff is medically advised not to travel at all. Traveling from plaintiff's residence in Orlando, Florida, to Portland, Oregon, does not involve 11 hours with a four hour lay-over, which one doctor advises against. A check of the Travelocity website by defendant's attorney reveals many flights from Orlando, Florida, to Portland, Oregon, with many flights of eight hours or so and the shortest travel time being seven hours and 14 minutes. Furthermore, the airlines provide extensive accommodations for disabled passengers.

Plaintiff's main complaint, as confirmed by his wife's affidavit, is that upon his arrival in Portland, Oregon, he will have difficulty navigating through the crowded airport, driving a rental

7 - OPINION AND ORDER

car at night from the airport to his lodging, carrying his luggage to his lodging, setting up his CPAP machine, and remembering to take his medications. He has no relatives in Portland to help him. His son, who lives in Coos Bay, Oregon, already plans to take his vacation time to assist plaintiff during trial. His wife cannot travel with him due to a recent back operation. However, the airlines can assist plaintiff inside the airport, and plaintiff can take a taxicab, instead of renting a car, to avoid driving in Portland. In addition, his wife can telephone him to remind him to take his medications and help with the settings on his CPAP machine.

Although the courts have been lenient in allowing telephone depositions of non-party witnesses, the same is not true with respect to telephone depositions of parties. "Telephone depositions are not recommended for controversial testimony: You cannot observe the impact of your questions or the witness' nonverbal responses. Moreover, you will be unable to ascertain if anyone is listening in or 'coaching' the witness." *Rock Springs*, 185 FRD at 604 (citations omitted). Given issues of credibility in this bitter family dispute and the amount of plaintiff's claim, defendant is entitled to take plaintiff's deposition in person in the district in which plaintiff filed suit.

Therefore, plaintiff is ordered to travel to Portland, Oregon, for his deposition. If plaintiff elects to take defendant's deposition in person, then the depositions of both plaintiff and defendant shall be held either on the same day or on two contiguous weekdays. No deposition may exceed seven hours in length. Given that defendant expects the depositions to be prolonged and confrontational, the depositions may be held at the courthouse if advance arrangements are made.

///

### III. Request for Rule 11 Sanctions

Finally, plaintiff requests the imposition of Rule 11 sanctions against defendant and her attorney "for stonewalling discovery, for perjury, misrepresentation, threats upon the plaintiff, harassment, damages, frivolous motions and continued frivolous request for sanctions against plaintiff." This request is denied for two reasons. First, such a motion shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FRCP 11(c)(1)(A). Plaintiff has failed to comply with this procedural requirement. Second, upon reviewing the supporting material submitted by plaintiff, this court sees no merit to his request.

Although this court recognizes the animosity between plaintiff and defendant, both parties are advised to conduct themselves appropriately and not make unnecessary or unwarranted threats or requests, either directly or indirectly.

### ORDER

Plaintiff's Motion to Compel Discovery and for Enlargement of Time (docket # 122) is GRANTED as to an enlargement of time as follows and otherwise DENIED. As a result, the new case schedule is as follows:

March 2, 2006: Discovery deadline

March 16, 2006: Dispositive motions due

March 30, 2006: Response to dispositive motions due

April 13, 2006: Replies to dispositive motions due

April 24, 2006: Dispositive motions taken under advisement

July 14, 2006: Pretrial Order due

Plaintiff's Motion for Leave to Take and Receive Telephone Depositions due to Extreme Medical Hardship (docket #126) is GRANTED as to the depositions of non-party witnesses and plaintiff on the conditions agreed to by the parties and clarified by the court, and DENIED as to defendant's deposition; and

Plaintiff's Request for Rule 11 Sanctions against Defendant (docket #131) is DENIED..

DATED this 15th day of December, 2005.

s/ Janice M. Stewart

Janice M. Stewart
United States Magistrate Judge