IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN G. HUTCHENS,

        Plaintiff,                               CV-04-281-ST

     v.                                     OPINION AND ORDER

TERESA HUTCHENS-COLLINS,

        Defendant.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Allen G. Hutchens, alleged that his niece, defendant, Teresa Hutchens-Collins, intentionally interfered with his prospective inheritance from his mother. After granting defendant's motion for summary judgment (docket # 242), this court entered a Judgment on November 30, 2006, dismissing this case (docket # 245). Plaintiff now requests the court to reconsider its order granting defendant's motion for summary judgment (docket # 253).

1 - OPINION AND ORDER

**DISCUSSION**

Because a judgment has been entered, plaintiff's motion to reconsider must comply with FRCP 60(b) which allows the court to relieve a party from a final judgment, order, or proceeding.[1]  Motions brought under this rule require the court to balance the interest in finality of judgments (ones which should not lightly be disturbed), and the desire to achieve justice.  *See Rodgers v. Watt*, 722 F2d 456, 459 (9th Cir 1983) (FRCP 60(b) should be construed, along with the other Federal Rules of Civil Procedure, "to achieve the just determination in every action.").  As a result, motions brought under FRCP 60(b) are addressed to the sound discretion of the district court.  *See Thompson v. Housing Auth. of City of Los Angeles*, 782 F2d 829, 832 (9th Cir), *cert denied*, 479 US 829 (1986); *Martella v. Marine Cooks & Stewards Union*, 448 F2d 729, 730 (9th Cir 1971), *cert denied*, 405 US 974 (1972).

First, plaintiff argues that defendant made a misrepresentation to the court about his mother's assets at the time defendant took all of her money ($18,226.42) from Washington Mutual Bank on May 2, 2002.  He has submitted an excerpt from defendant's deposition stating that she contacted Key Bank and learned that plaintiff's mother also had over $20,000 in accounts there.  He submits this testimony to prove that the estate was solvent, rather than being over $8,000 in debt at that time.

///

---

[1] FRCP 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

2 - OPINION AND ORDER

As an exception to the hearsay rule, defendant's testimony is admissible to prove her motive as to why she did what she did. FRE 801(3). However, it cannot be admitted to prove the truth of the matter stated, namely that plaintiff's mother actually had over $20,000 at Key Bank. Even if she did have those additional funds, there is no evidence to explain where it was obtained and whether it would have been part of her estate. For example, this sum could have been the proceeds from the personal injury settlement which this court already included in its calculation of the estate's assets.

Furthermore, plaintiff had ample opportunity to present evidence as to the assets and liabilities of his mother's estate. He submitted a variety of documents and statements, many of which were incomplete and/or inconsistent. Moreover, the critical point in the court's analysis was that plaintiff received more in wages than he would have received in an inheritance. This additional piece of testimony from defendant's deposition does not change the court's conclusion in that regard.

Plaintiff also submits that no evidence taken from his website changes the heirs named in his mother's will. While that may be true, it is irrelevant to the present motion.

He also submits that no document or letter taken from his website disproves any allegation in his Third Amended Complaint. As explained in this court's opinion granting summary judgment to defendant, it disagrees.

Plaintiff also contends that his letter to Shoney's Restaurant disproves defendant's position. Although this court agrees that the letter concerned an aggravation, rather than a cause, of an existing condition, it did not rely on that letter in its summary judgment decision.

Finally, plaintiff takes issue with this court's statement that since he received social security benefits, he cannot claim that he could have obtained alternative employment during the relevant time period but for defendant's conduct.  He asserts that prior to defendant's conduct in May 2002, he worked full-time as a food ticket auditor for Shoney's Restaurant and drew social security benefits at the same time.  This is contrary to plaintiff's prior representations to the court that he is elderly and ill with a heart condition, which led the court to the reasonable, but allegedly erroneous, assumption that he was retired and/or could not work.  He has made the same representations to others.  *See* Second Declaration of Michael T. Purcell (docket # 237), Exhibit 215 (11/27/02:  "72 year old with heart condition and nervous disorder"), Exhibit 216 (11/20/03: "71 year old crippled man"), & Exhibit 237 (9/4/03:  "elderly crippled man").  He also represented to a third party in March 2002 that he was retired and could devote full-time to litigation.  *Id*, Exhibit 205.  Besides, the time period at issue is after May 2002 when plaintiff was receiving wages from his mother for services under her power of attorney to retrieve the funds withdrawn by defendant.  This court concluded that those wages exceeded any inheritance he would have received but for defendant's conduct.  Therefore, whether he worked prior to May 2002 is irrelevant.

In sum, none of the reasons given by plaintiff persuades this court that it erred in granting defendant's summary judgment motion.

///

///

///

4 - OPINION AND ORDER

**ORDER**

Plaintiff's Motion Requesting the Court to Include Exculpatory Excerpts & Reconsider its Order Granting Defendant's Motion for Summary Judgment (docket # 253) is DENIED.

DATED this 30th day of January, 2007.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge