IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN G. HUTCHENS,

                Plaintiff,                            CV-04-281-ST

         v.                                 OPINION AND ORDER

TERESA HUTCHENS-COLLINS,

                Defendant.

STEWART, Magistrate Judge:

## <u>**INTRODUCTION**</u>

Plaintiff, Allen G. Hutchens, alleged that his niece, defendant, Teresa Hutchens-Collins, had intentionally interfered with his prospective inheritance from his mother.  After granting defendant's motion for summary judgment (docket # 242), this court entered a Judgment on November 30, 2006, dismissing this case (docket # 245).  Defendant then filed a Bill of Costs (docket # 247) and a Motion for Attorney Fees (docket # 249).  Plaintiff objects to an award of

1 - OPINION AND ORDER

costs or attorney fees and also has filed a Motion for Stay of Costs Pending Appeal (docket #

267).  For the reasons set forth below, defendant is awarded $415.63 in costs and no attorney

fees, and plaintiff's request for a stay is denied.

## ANALYSIS

## I.  Bill of Costs

According to FRCP 54(d)(1), "costs other than attorneys' fees shall be allowed as of

course to the prevailing party unless the court otherwise directs."  This rule creates a

presumption in favor of awarding costs to the prevailing party.  *Champion Produce, Inc. v. Ruby*

*Robinson Co., Inc.,* 342 F3d 1016, 1022 (9th Cir 2003).  Awarding costs to the prevailing party is

not penal, but "merely represents the fair price of unsuccessful litigation."  *Baez v. U.S. Dep't of*

*Justice,* 684 F2d 999, 1003 (DC Cir 1982).  The expenses which may be taxed as costs are

enumerated in 28 USC § 1920.  Costs not listed in § 1920 may not be taxed to the losing party

unless they are specifically authorized by some other statute or by contract.  *Crawford Fitting*

*Co. v. J.T. Gibbons, Inc.*, 482 US 437, 440 (1987).

In this case, defendant seeks to recover costs in the sum of $1,577.45, consisting of the

following costs:

| | |
|---|---|
| Fees for service of summons and subpoena | $  69.16 |
| Witness fees | 216.00 |
| Fee to obtain authenticated copies of documents posted by plaintiff to the internet obtained for use in the case | 957.34 |
| Court reporter fees (deposition of plaintiff, no transcript made) | 334.95 |

Plaintiff objects to all of these costs as unnecessary.

## A.  Witness Fees and Service of Process Costs

2 - OPINION AND ORDER

Defendant seeks witness fees and service of process costs incurred to issue subpeonas to the custodian of records for five entities:  (1) Farmington Square (rest home where plaintiff's mother resided for a time); (2) Washington Mutual Savings Bank (holder of disputed accounts); (3) Nay & Friedenberg (law firm); (4) State of Oregon Department of Human Services (payor of public assistance to plaintiff's mother); and (5) North Pacific Insurance (payor of settlement proceeds).

The relevant statute allows the recovery of costs for witness fees.  28 USC § 1920(3). According to 28 USC § 1821(a)(1), witness fees are recoverable for a witness "in attendance at any court of the United States or before a United States Magistrate Judge, or before any person authorized to take his deposition."  Here the witnesses subpeonaed by defendant did not testify in court or by deposition on summary judgment, but only provided documents.  Although witnesses need not be physically present or testify at trial for their attendance fees to be taxed, the prevailing party must show that the witness' testimony was "material to an issue tried and reasonably necessary to its disposition."  *United Cal. Bank v. THC Fin. Corp.*, 557 F2d 1351, 1361 (9th Cir 1977).

Four of the subpeonaes were neither material nor reasonably necessary to obtain documents for disposition of the parties' cross-motions for summary judgment.  Defendant submits that the documents from Farmington Square would have been relevant to establish the poor mental and physical health of plaintiff's other had the case gone to trial.  Similarly, defendant states that the records produced by Nay & Friedenberg and North Pacific Insurance would have been highly material at trial concerning when plaintiff's purported revocation of Power of Attorney was written, plaintiff's authority to act under his mother's Power of Attorney,

and whether his mother was acting under his undue influence.  However, none of this evidence

was relevant or material to the summary judgment motions.  In fact, this court struck a record

from Farmington Square as inadmissible hearsay.  Furthermore, the court did not rely on records

from Washington Mutual Savings Bank in deciding the summary judgment motions, although it

relied on similar evidence obtained from other sources.

In contrast, a subpeona was reasonable and necessary to obtain records from the State of

Oregon showing the amount of the debt owed by plaintiff's mother for public assistance at the

time of her death.  Since this was relevant to the summary judgment motions, the cost of this

subpeona is recoverable.

Therefore, defendant is entitled to recover $4.64 for the fees for service of summons and

subpoena and $40 for the witness fees in connection with the subpoena issued to the State of

Oregon.

## B.  Court Reporter Fees

Defendant also seeks the cost of taking plaintiff's deposition.  Although defendant did

not order a transcript, she incurred $334.95 for the cost of the court reporter.  She contends that

plaintiff's deposition would have been used had the case gone to trial and also was necessary to

determine whether she could prevail on summary judgment.

Recovery of deposition costs is specifically authorized by 28 USC § 1920(2) if the

depositions were "necessarily obtained for use in the case."  Despite some authority to the

contrary, the generally accepted view is that introduction of a deposition at trial is not a

prerequisite for finding that it was necessary to take the deposition.  *Hudson v. Nabisco Brands,*

*Inc.*, 758 F2d 1237, 1243 (7th Cir 1985), *overruled on other grounds*, *Provident Bank. v. Manor*

*Steel Corp.*, 882 F2d 258 (7th Cir 1989).  Depositions used "for determining what portions of the testimony to present as well as for preparing to impeach witnesses" are deemed necessary for use in the case.  *Commercial Credit Equip. Corp. v. Stamps*, 920 F2d 1361, 1368 (9th Cir 1990).  Even if not used at trial, a deposition is taxable if it was reasonably necessary under the circumstances at the time it was taken, whether or not it is used later.

> While some cases hold that the costs of depositions are taxable only if they were either introduced in evidence or used at trial in examining or impeaching witnesses, the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to counsel at the time it was taken.

*Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F2d 1087, 1099 (5th Cir 1982), *modified on other grounds en banc*, 701 F2d 542 (5th Cir 1983).

This court agrees with the Seventh Circuit that there are "few, if any, situations in which a defendant's costs from taking a plaintiff's deposition in a private suit between individual litigants would not be reasonably necessary for use in the case." *Hudson*, 758 F2d at 1244.  Here, plaintiff's deposition was not merely for the convenience of defendant's counsel, but was reasonably necessary to determine whether to file a summary judgment motion, which was ultimately successful, and, if necessary, to use later at trial for cross-examination and impeachment purposes.  Thus, the cost of $334.95 to take plaintiff's deposition is recoverable.

///

**C.  Website Evidence**

The list of recoverable costs under 28 USC § 1920(4) includes "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  Copying costs for documents

produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Fonseca v. Secor Int'l, Inc.*, 2005 SL 1587065, *3 (D Or 2005), citing *Fresnel v. AT&T Tech., Inc.*, 103 FRD 111, 115-16 (ND Ga 1984). However, recoverable copying costs do "not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys." *Id*, citing *Fresnel*, 103 FRD at 116, and *Erving Paper Mills v. Hudson-Sharp Mach. Co.*, 271 F Supp 1017, 1023 (ED Wis 1967).

Defendant contends that to prevail on summary judgment, it was necessary to obtain an authenticated copy of the documents posted on plaintiff's internet website. In order to remove defendant's counsel from the chain of custody, defendant hired Sean Barry, a Senior Consultant in the Forensics EDiscovery Group at New Technologies, Inc. ("NTI"), a company specializing in the preservation, identification, extraction and documentation of computer evidence, to: (1) copy materials from the internet; (2) make disks available to defendant's counsel so printouts could be made and used as evidence; (3) retain a copy on a separate disk as a control; (4) authenticate the internet materials by tracing them back to plaintiff using the WHOIS system; and (5) executing a declaration in support of defendant's motion for summary judgment. The cost for these services was $957.34 and excluded time incurred to respond to a threat of civil litigation from plaintiff.

The evidence produced or copies made may of course be deemed necessary even if not actually used at trial. *Haagen Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams Inc.*, 920 F2d 587, 588 (9th Cir1990) (*per curiam* ) (allowing costs for reproducing documents even though the documents were not introduced as evidence to support the summary judgment motion).

6 - OPINION AND ORDER

Some of the documents obtained from plaintiff's website were used in connection with the summary judgment motions in order to establish the debts of the estate.[1]  The cost to copy those documents is recoverable, although defendant has not specifically requested reimbursement of that cost.  Defendant also obtained many other documents from plaintiff's website which, although perhaps useful at trial, were not used in connection with the summary judgment motion, such as discrepancies between the metadata (file properties) of the documents created by plaintiff and his testimony.  The cost to copy those documents not used in connection with the summary judgment motions is not recoverable.

The problem is that defendant does not seek to simply recover the cost to copy the few documents presented to the court in connection with the summary judgment motions, but also seeks to recover the cost by her retained expert to obtain, copy to a disk, and authenticate all documents on plaintiff's website.  However, nothing in the statute allows the prevailing party to shift to the losing party the cost incurred to obtain documents through discovery.[2]  It only permits the recovery of "[f]ees for exemplification and copies of papers" which includes all types of demonstrative evidence, including photographs and graphic aids, and "may under certain circumstances encompass illustrative materials *if 'necessarily* obtained for use in the case,' as § 1920 requires."  *Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg,* 862 F2d 767, 770 (9th Cir 1988) (citation omitted; emphasis in original).

---

[1]  Plaintiff asserts that out of 141 folders and files, only 16 could have possibly related in any manner whatsoever to this litigation.

[2]  As of December 1, 2006, amended FRCP 26(b)(2) allows the court, upon a showing of good cause, to specify conditions for discovery of electronically stored information ("ESI") that is not reasonably accessible because of undue burden or cost.  However, that amendment was not in effect at the time defendant used the services of her expert to obtain ESI from plaintiff and, even if it had been in effect, it does not apply to reasonably accessible ESI.

Defendant does not seek fees for the exemplification of papers, but instead seeks to recover the cost to authenticate exhibits submitted to the court.  As defendant asserts, authentication of documents obtained from plaintiff's website proved to be necessary given plaintiff's refusal to concede their authenticity and motions to strike this evidence as obtained in violation of his copyright.  Plaintiff contended that these documents were illegally obtained from his website because Mr. Barry accessed password-protected documents and defendant's attorney used these documents for a purpose other than for informational purposes.

Defendant obtained authentication of these documents through an expert witness, and it is the fees of that expert witness which defendant seeks to recover.   However, absent a contract or explicit statute to the contrary, costs for expert witnesses are taxable only to the extent allowed for other fact witnesses ($40 per day under 28 USC § 1821).   *Crawford Fitting Co.,* 482 US at 442; *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F3d 1054, 1061 (9th Cir 2001).

Therefore, defendant is entitled to recover only the sum of $40 as the witness fee for Mr. Barry, its expert witness.

///

///

### D.  Other Factors

A court retains the discretion to allow or disallow costs to a prevailing party based on a variety of factors.  *Ass'n of Mexican-Am. Educators v. State of Cal.,*, 231 F3d 572, 592 (9th Cir 2000).  However, the losing party has the burden of overcoming the presumption of awarding

costs by affirmatively showing that the prevailing party is not entitled to costs. *Save Our Valley v. Sound Transit*, 335 F3d 932, 944 (9th Cir 2003).

Indigency is one factor that district courts may properly consider when deciding to award costs. *Asso. of Mexican-American Educators*, 231 F3d at 592; *Stanley v. Univ. of S. Cal.,* 178 F3d 1069, 1079 (9th Cir), *cert denied*, 528 US 1022 (1999). However, a court should "require substantial documentation of a true inability to pay." *Chapman v. AI Transport*, 229 F3d 1012, 1039 (11th Cir 2000), *citing McGill v. Faulkner*, 18 F3d 456, 459 (7th Cir), *cert denied*, 513 US 889 (1994) (non-prevailing party offered no documentary support, relying instead on "unsupported, self-serving statements"). A prevailing party's ability to pay his or her own costs is not a proper basis for refusing to tax costs against the loser. *See Singleton v. Smith*, 241 F3d 534, 539 (6th Cir 2001); *In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 994 F2d 956, 967 (1st Cir 1993).

At times plaintiff has represented that he is of modest means and he recently submitted a Notice of his purported inability to pay any civil judgments (docket # 272). That Notice states that he has entered into agreements with two medical providers for waiver of co-payments, his various assets are exempt under the Florida Homestead Act, and numerous accounts have been unsuccessfully turned over for collection. However, the Notice not a declaration under oath and does not set specifically describe the nature and amount of all of plaintiff's assets, liabilities, income and expenses. Without more specific information, neither defendant nor this court can ascertain the extent of plaintiff's claimed indigency.

Another factor which the court may consider is obstructive or "bad faith" conduct by the prevailing party. *Ass'n of Mexican-American Educators*, 231 F3d at 591. Plaintiff appears to

argue that defendant acted in bad faith by failing to accept what he views as reasonable

settlement offers in order to avoid litigation.  However, it is not a legitimate basis for denying

costs to a plaintiff based on his or her failure to accept a settlement offer that turns out to be

greater than the amount recovered at trial.  *Berkla v. Corel*, 302 F3d 909, 922 (9th Cir 2002).

Based on the same rationale, costs should be not denied because defendant refused to pay

anything to plaintiff to settle this case and then prevailed.

### E.  Conclusion

Defendant is allowed the sum of $415.63 as taxable costs, calculated as follows:

| | |
|---|---|
| Fees for service of summons and subpeona (only to State of Oregon) | $  4.64 |
| Fees for witnesses (only for State of Oregon and Sean Barry) | 80.00 |
| Other:  court reporter fees for plaintiff's deposition | 334.95 |
| TOTAL | $415.63 |

## II.  Attorney Fees

Pursuant to 17 USC § 505, defendant seeks an award of attorney fees in the sum of

$2,600.00 incurred in the successful defense of plaintiff's claims of copyright infringement and

for preparing the motion for award of fees.  This sum consists of 13 hours at the rate of $200

per hour.

Plaintiff did not allege a claim of copyright infringement in any of his complaints.

However, in opposition to defendant's summary judgment motion, he urged the court not to

consider as evidence any documents that he had posted to his internet website (including medical

records, personal correspondence, credit information, banking information. privileged

communications with attorneys, *etc.*) on the theory that he had a copyright notice on the website (docket # 218).  He also filed a motion for preliminary injunction (docket # 223) and after it was denied, a motion for reconsideration (docket # 228).  He cited a large number of cases dealing with copyright issues and at one point referred to 17 USC § 107 relating to the Fair Use Doctrine.  This court ruled that regardless of any copyright notice, plaintiff's internet materials could be used in this case as evidence (docket # 227) as an admission of a party opponent.  As a result, defendant asserts that she is the prevailing party for purposes of 17 USC § 505.

One insurmountable obstacle precludes defendant's recovery of attorney fees.  The statute relied upon by defendant provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

This action was not a "civil action" brought under Title 17.  Therefore, defendant did not successfully defend a copyright infringement action.  Furthermore, even if it was, this court did not address or decide whether plaintiff had an enforceable copyright or whether it was infringed by defendant.  It decided only that the documents obtained by defendant could be used against plaintiff in this case.  Furthermore, whether or not the documents were lawfully obtained, plaintiff did not deny their existence or authorship and submitted the same documents into the court record.

Absent a ruling on the issue of copyright infringement, no attorney fees can be awarded. *See Nat'l Conference of Bar Examiners v. Multistate Legal Studies, Inc.*, 692 F2d 478 (7th Cir 1982), *cert denied*, 464 US 814 (1983) (plaintiff was not the prevailing party on the copyright

11 - OPINION AND ORDER

issue and not entitled to attorney's fees where the court was never required to make a finding on

the issue of infringement of the copyright).  Thus, defendant is not entitled to an award of

attorney fees.

**III.  <u>Stay</u>**

Plaintiff has filed an appeal from the final Judgment in this case (docket # 261) and

requests that any taxation of costs or fees be stayed until disposition of that appeal.  However, he

states no reason why he is entitled to a stay and has filed no supersedeas bond pursuant to

FRCP 62(d).  Unless and until plaintiff files a motion for a stay under FRCP 62(d), it is

inappropriate for the court to order a stay from execution of a judgment pending appeal.

<u>ORDER</u>

Defendant's Bill of Costs (docket # 247) is ALLOWED in the sum of $415.63.  Plaintiff

may submit additional documentation within 14 days to establish his indigency, to which

defendant shall have 14 days to respond.  If appropriate, this court will then reconsider this

award of costs to defendant.

///

Defendant's Motion for Attorney Fees on Copyright Claims (docket # 249) is DENIED.

Plaintiff's Motion for Stay of Costs Pending Appeal (docket # 267) is DENIED without

prejudice.

DATED this 30th day of January, 2007.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

12 - OPINION AND ORDER

13 - OPINION AND ORDER